# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ANGELA COOK, | 3:12-cv-00377-RCJ-WGC |
| Plaintiff, | **REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| vs. | |
| CAROLYN COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is defendant Carolyn W. Colvin's, Acting Commissioner of Social Security, Motion to Dismiss. (Doc. # 15.)[1]

## **I. BACKGROUND**

Plaintiff filed her application for leave to proceed in forma pauperis and complaint on July 11, 2012. (Doc. # 1, Doc. # 1-1.)

On July 18, 2012, the court issued an order granting the application to proceed in forma pauperis. (Doc. # 3.) The court also screened Plaintiff's complaint. (*Id.*) While Plaintiff brought

---

[1] Refers to court's docket number.

1

the action pursuant to 42 U.S.C. § 1983, the court liberally construed it as a complaint seeking judicial review of the Social Security Commissioner's denial of Plaintiff's claim for benefits under the Social Security Act. (*Id*.) The court ordered that the complaint be filed by the Clerk. (*Id*.) The court further ordered the Clerk to issue summonses to defendant and deliver them to the U.S. Marshal for service, and to send Plaintiff sufficient copies of the complaint and service of process forms (USM-285) for the defendant. (*Id*.) Plaintiff was given twenty days to give the required forms to the U.S. Marshal. (*Id.*) Then, Plaintiff was to file a notice with the court regarding service within twenty days. (*Id.*) Plaintiff was reminded that pursuant to Federal Rule of Civil Procedure 4(m), service had to be accomplished within 120 days of the date of the order. (*Id*.)

The complaint was filed. (Doc. # 4.) The summons was issued for then Commissioner of Social Security Michael J. Astrue, and was delivered to the U.S. Marshal. (Doc. # 5.) In addition, the Clerk issued summonses to the U.S. Attorney General and the U.S. Attorney's Office. (Doc. # 6, Doc. # 6-1.)

The Social Security Administration, Office of Regional Chief Counsel, Region IX, was served on November 5, 2012. (Doc. # 7.) The summonses to the U.S. Attorney General and U.S. Attorney, however, were returned unexecuted because no USM-285 forms were received. (Doc. # 8, Doc. # 8-1.)

On July 18, 2013, Plaintiff sent a letter to the court asking about the status of her case. (Doc. # 9.) In response, the court sent Plaintiff a courtesy copy of the docket sheet, but advised her that it could not give legal advice and that the Clerk cannot respond to individual inquiries regarding case status. (Doc. # 10.) Plaintiff was further advised that the local rules are available on the court's website. (*Id*.)

Several days later, on July 25, 2013, the court issued a minute order advising Plaintiff that she served the defendant at the incorrect address. (Doc. # 11.) The court ordered the Clerk to serve the Commissioner of the Social Security Administration by sending a copy of the summons and complaint by certified mail to: (1) Office of the Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear St., Suite 899, San Francisco, CA 94105-1545; (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, Washington, D.C. 20530; and (3) the United States Attorney for the District of Nevada. (*Id*.) The United States Attorney's Office for the District of Nevada was served on July 29, 2013. (Doc. # 13.) The docket reflects that the Commissioner and Attorney General's office were served via certified mail on July 25, 2013. (*See* docket entry at Doc. # 11.) On August 1, 2013, a Notice of Appearance by Gregory Addington was entered on behalf of defendant. (Doc. # 14.)

On September 20, 2013, defendant filed this motion to dismiss. (Doc. # 15.) Plaintiff did not oppose the motion. Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5), insufficient service of process, and Federal Rule of Civil Procedure 4(m) because Plaintiff failed to properly effectuate service of the complaint within 120 days of its filing. (*Id*.)

## II. DISCUSSION

Federal Rule of Civil Procedure 4(i) governs service of the United States, its agencies, corporations, officers or employees. Fed. R. Civ. P. 4(i). "To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2).  To serve the United States, a party must:

>  (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States Attorney designates in a writing filed with the court clerk—or
>  (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>  (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington D.C.; and
>  (C) if the action challenges an order of a non-party agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
>  Fed. R. Civ. P. 4(i)(1)(A)-(C).

Federal Rule of Civil Procedure 4(m) states:

>  If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.
>  Fed. R. Civ. P. 4(m).

The Complaint was filed on July 18, 2012. (Doc. # 4.) Therefore, under Rule 4(m) the complaint was to be served on or before November 15, 2012.

Plaintiff served the Social Security Administration Regional Chief Counsel's *former office* at 333 Market Street, Suite 1500, San Francisco, CA on November 30, 2012. (*See* Doc. # 7.) Neither the U.S. Attorney's Office nor the Attorney General was served, as both summonses were returned unexecuted because no USM form 285 was received. (*See* Docs. # 8, # 8-1.)

There was no further docket activity until July 18, 2013, when Plaintiff filed a letter asking about the status of her case. (Doc. # 9.) It was after this letter was sent that the court realized Plaintiff had not served the complaint to the proper addresses. On July 25, 2013, the court issued a minute order directing that the summonses be served to the Commissioner at the correct address, to the U.S. Attorney General, and to the local U.S. Attorney's office. (Doc. # 11.)

The U.S. Marshal served the U.S. Attorney's Office in Reno on July 29, 2013. (Doc. # 13.) The docket sheet also reflects certified mail transmittal of the summons and complaint to the Commissioner and Attorney General. (Doc. # 11 entry.)

Here, Defendant does not argue that service was not eventually completed properly, but that it was not timely effectuated, and therefore the action should be dismissed. (Doc. # 15 at 6.) Defendant points out that proper service on the Commissioner did not occur until November 30, 2012, after the 120-day deadline, and delivery of the summons and complaint to the U.S. Attorney General and U.S. Attorney's Office did not occur until late July 2013, more than eight months after the 120-day deadline. Defendant argues there is no good cause for Plaintiff's delay in serving the complaint.

"'A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.'" *Crowley v. Bannister*, 734 F.3d 967, 974-75 (9th Cir. 2013) (quoting *Travelers Cas. & Sur. Co. of Am. V. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009)). "'Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint.'" *Id*. at 975 (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)). "However, '[n]either actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4.'" *Id*. (quoting *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)).

"Rule 4(m) provides two avenues for relief. The first is mandatory: the district court must extend time for service upon a showing of good cause. The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect. Exercise of discretion to extend time to complete service is appropriate when, for

example, a statute-of-limitations bar would operate to prevent re-filing of the action." *Crowley v. Bannister,* 734 F.3d 967, (9th Cir. 2013) (quoting *Lemoge v. United States*, 587 F.3d 1188, 1189 (9th Cir. 2009)). The Ninth Circuit has held that "Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint *after* that 120-day period." *Efaw v. Williams*, 473 F.3d 1038, 1041 (citation and quotation marks omitted). "In making extension decisions under Rule 4(m) a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Id*. (quoting *Troxell v. Fedders of N.Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)).

Plaintiff was provided an opportunity to establish good cause for the failure to timely serve the defendant by responding to the motion to dismiss, but failed to do so. Since Plaintiff failed to establish good cause, the court may extend the time for service if excusable neglect is shown; however, Plaintiff did not respond to the motion to dismiss to establish excusable neglect. However, it is apparent that Plaintiff simply failed to serve defendant at the correct addresses. In addition, Plaintiff's suit would likely be barred by the applicable statute of limitations if the action was dismissed without prejudice and she had to re-file. *See* 42 U.S.C. §405(g) (giving individual sixty days after receiving notice of a final decision from the Commissioner to obtain review of the decision). Confronted with these circumstances, Plaintiff would undoubtedly be prejudiced by a dismissal of the action without prejudice as she would be precluded from any review of the Commissioner's decision.

Moreover, the Commissioner has had actual knowledge of this suit since at least November 30, 2012, when service was made on the correct Social Security Office.

Finally, the Commissioner does not dispute that service, while untimely, was eventually effectuated.

In sum, an extension of time for service should be granted, *nunc pro tunc*, and the motion to dismiss (Doc. # 15) should be denied.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order granting an extension of time for service, *nunc pro tunc*, and **DENYING** the motion to dismiss (Doc. # 15).

The parties should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment.

DATED: February 27, 2014.

_____
**WILLIAM G. COBB**
**UNITED STATES MAGISTRATE JUDGE**